IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARTHUR MIELKE,

                Plaintiff,

v.

CONOCOPHILLIPS CO., *et al.*,

                Defendants.

NO. C04-5502 TEH

ORDER GRANTING REMAND

INTRODUCTION

Plaintiff has filed a motion to remand this action to the Superior Court of Contra Costa County. This case stems from a state court complaint filed on November 19, 2004. In the complaint, plaintiff, a gasoline tanker truck driver, alleges that his employer failed to retain or rehire him while he was on a medical leave covered by the California Family Rights Act (CFRA), and in retaliation for his protests regarding various safety issues. Plaintiff named as defendants his employer, Sentinel Transportation LLC, and the owner of the trucking fleet, ConocoPhillips Company. Plaintiff also named three individuals in the suit, alleging supervisorial liability. The corporate defendants and one individual are not California residents, but two of the individuals are. Defendants based their removal on the position that the two California residents are "sham" defendants, so that complete diversity exists and federal jurisdiction is proper.

This matter was noticed for hearing on May 9, 2005. However, having thoroughly reviewed the extensive pleadings by both parties, the Court finds that oral argument is unnecessary, and therefore vacates the May 9 hearing date and issues this ruling on the papers.

## LEGAL STANDARD

Defendants can properly remove this case only if there is complete diversity between the parties and none of the parties joined and served as defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b).  A party's presence may be disregarded in determining jurisdiction only if the party's joinder is "fraudulent" or a "sham" -- terms of art meaning that the complaint obviously fails to state a cause of action against the party. *McCabe v. General Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987).  In determining whether there has been a fraudulent joinder of a defendant, the Court must determine whether there is a possibility that plaintiff has at least one valid claim against at least one of the California resident defendants.  The Court must construe all disputed issues of fact, and all ambiguities in California law, in favor of plaintiff.  *See Macey v. Allstate Porp. & Cas. Co.*, 2002 F.Supp.2d 1116, 1117 (N.D. Cal. 2002).  Thus, it is not for the Court to decide whether "the plaintiff will actually or even probably prevail on the merits, but [rather to] look only for a possibility that he may do so." *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 43 (5th Cir. 1992).   In short, claims against a defendant must be "patently spurious" or provide "no reasonable basis for imposing liability" before that defendant can be disregarded for purposes of determining jurisdiction. *Parks v. New York Times Co.*, 308 F.2d 474, 477 (5th Cir. 1962).

## DISCUSSION

The central argument here is whether plaintiff's supervisor is subject to personal liability for the alleged retaliation.  If he is subject to personal liability, he is a proper defendant and diversity is incomplete.  If he is not subject to personal liability, he is a sham defendant and the Court must recognize that complete diversity exists.

The statute itself limits liability to "employers," who are defined in relevant part as "[a]ny person who directly employs 50 or more persons to perform services for a wage or salary." Cal. Gov't Code § 12945.2(c)(2).  However, a regulation promulgated by the California Fair Employment and Housing Commission (FEHC) appears to allow individual supervisorial liability in CFRA cases.  The regulation states, in relevant part:

2

> [I]t shall be an unlawful employment practice for *any person* to discharge, fine, suspend, expel, punish, refuse to hire, or otherwise discriminate against any individual, except as otherwise permitted in this subchapter, because that individual has:
>
> (a) exercised his or her right to CFRA leave...

Cal. Admin. Code Title 2, § 7297.7 (emphasis added). The California Supreme Court has stated that the FEHC's construction of the statutes under which it operates should be given "substantial weight." *Colmenares v. Braemar Country Club, Inc.*, 29 Cal.4th 1019, 1029 (2003). This Court's own research indicates that there appears to be no case law directly addressing the question of personal liability under the CFRA, and the statute does not appear to have been amended since promulgation of the regulation quoted above.[1]

Therefore, in light of the FEHC regulation, and given the legal standard recited above, the Court finds that there is sufficient ambiguity in California law to warrant a remand.

## CONCLUSION

Based on the discussion above, the Court concludes that this action should be remanded to state court. Accordingly, with good cause appearing, it is HEREBY ORDERED that:

1. Plaintiff's Motion to Remand is GRANTED on the ground that this action was improvidently removed and federal jurisdiction is lacking;

2. This action is HEREBY REMANDED, pursuant to 28 U.S.C. § 1447(c), to the Superior Court of the State of California for the County of Contra Costa; and

---

[1] Defendants also argue that the FEHC regulation effectively has been overruled by *Reno v. Baird*, 18 Cal.4th 640 (1998), in which the California Supreme Court held that the definition of employer under the anti-discrimination provisions of the Fair Employment and Housing Act, Cal. Gov't Code § 12940, does not include supervisors. However, in *Reno* and subsequent decisions, the courts have recognized that supervisorial liability remains intact for harassment and retaliation, where the statutory language encompasses all persons. *See Walrath v. Sprinkel*, 99 Cal.App.4th 1237 (2002). This may allow a sufficient basis for a court to find that retaliation under the CFRA lies outside the scope of *Reno*. While this Court might not be inclined to make such a finding, the standard of review compels this Court to defer to the state courts for this determination.

3

3. The May 9, 2005 hearing date is VACATED.

**IT IS SO ORDERED.**

DATED     May 4, 2005                        /s/
                                    THELTON E. HENDERSON, JUDGE
                                    UNITED STATES DISTRICT COURT